UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON KAYE MCMILLAN,<br><br>        Plaintiff,<br><br>   v.<br><br>WARDEN JUSINO @ FCI DUBLIN,<br><br>        Defendant. | Case No. 23-cv-04451-RFL<br><br>**ORDER DISMISSING PETITION** |

Sharon Kaye McMillan, a federal prisoner at Federal Correctional Institution Dublin, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She paid the filing fee. The petition is dismissed without prejudice.

## LEGAL STANDARD

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to consider a writ of habeas corpus "within their respective jurisdictions," from a person alleging to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## DISCUSSION

In 2011, McMillan was convicted in the District of South Dakota and sentenced to 210 months. *See* Dkt. No. 107, *United States v. McMillan, et al.*, Case No. 19-cr-50054-JLV SI (D. S.D. Sept. 30, 2011). She is incarcerated in this district. Dkt. No. 1 at 1. McMillan argues the

prison should be closed and seeks to be released to a halfway house or home confinement due to several illnesses and injuries, and the presence of asbestos, mold, and other substances at her facility. Dkt. No. 1 at 1; Dkt. No. 2 at 2 (stating McMillan has respiratory illness, allergies, headaches, sinusitis, asthma, osteoarthritis, ulcers, a knee injury and resulting pain, and "prisoner traumatic stress disorder"). She also raises claims regarding inadequate medical care, but does not specifically enumerate what care was inadequate or denied. She also states that she is at risk due to sexual assault by correctional officers and transgender inmates at the facility.

Federal law "opens two main avenues to relief on complaints related to imprisonment" – a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas petitions are "the exclusive vehicle" for claims fall within "the core of habeas corpus" (i.e., claims challenging "the fact or duration of the conviction or sentence"). *See Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016). By contrast, a civil rights action is the "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). The key inquiry is whether success on petitioner's claim would "necessarily lead to immediate or speedier release." *See Nettles*, 830 F.3d at 934. If success would not necessarily lead to expedited release, the claim falls outside the core of habeas corpus. *Id*. at 935.

In *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Ninth Circuit addressed the question of whether prisoners can use habeas to obtain review of their conditions of confinement, when the only remedy requested is release because no set of conditions could render continued imprisonment constitutional. *Id*. at 1062, 1065-66. The court found that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id*. at 1072-73 (emphasis in original).

In *Pinson*, the Ninth Circuit affirmed the dismissal for lack of jurisdiction of a habeas petition concerning a federal prison's failure to implement certain Center for Disease Control policies in response to COVID-19. *Id*. at 1073-76. The Ninth Circuit reasoned that the basis for such a claim was not the asserted illegality of detention or the necessity for release, but the

failure to follow protocols and directives to remedy unsafe conditions. *Id*. at 1073-74. The court held that the petition failed to allege facts to support the contention that no set of conditions would cure the constitutional violations. *Id*. at 1075. The court therefore held that these constitutional violations could be remedied in a civil rights action and that the habeas petition was properly dismissed. *Id*.

Similar to *Pinson*, this Court lacks jurisdiction to consider McMillan's habeas petition. She does not allege facts sufficient to show that her release is legally required or that relief short of release is inadequate to the cure the alleged constitutional violations.

That does not mean McMillan is without a remedy. To seek release from custody, McMillan may file a motion for compassionate release in the District of South Dakota, assuming she has satisfied all applicable exhaustion requirements. She could also potentially file a civil rights action in this district regarding the conditions at the prison and her allegedly inadequate medical care. There is already a class action pending concerning alleged sexual misconduct by FCI Dublin officials.[1] The Court does not take a position as to whether McMillan would potentially be precluded from maintaining an individual civil rights suit based on the same alleged sexual misconduct, due to the class action.

Although courts have limited discretion to recharacterize a habeas petition as a civil rights complaint, the Court declines to do so here. *See Pinson*, 69 F.4th at 1076 ("We therefore conclude the district court was not required to convert [the petitioner's] habeas petitions into civil rights actions[.]"). If converted into such a complaint, the petition would be subject to the procedural and substantive requirements of the Prison Litigation Reform Act, which were not addressed by McMillan, and would be subject to the higher filing fee. *See* 28 U.S.C. §§ 1915, 1915A; 42 U.S.C. § 1997e. McMillan will be provided a blank civil rights form and in forma

---

[1] McMillan may be a member of that class action. *See California Coalition for Women Prisoners, et al., v. United States Federal Bureau of Prisons, et al.,* No. C 23-4155-YGR (PR) (ECF No. 142 at ¶ 246 (identifying as class members "all persons incarcerated at FCI Dublin currently and in the future"); *see*, *e.g.*, *id.* at ¶¶ 253-267 (claiming constitutional violations based upon sexual misconduct)). Class counsel in that matter is Rosen Bien Galvan & Grunfeld LLP, 101 Mission Street, Sixth Floor, San Francisco, CA 94105, (415) 433-6830.

pauperis application, if she wishes to pursue such a claim.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The petition is dismissed without prejudice for lack of jurisdiction.

2. The Clerk of the Court shall send McMillan a blank civil rights form and in forma pauperis application.

**IT IS SO ORDERED.**

Dated: April 25, 2025

RITA F. LIN
United States District Judge